■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFRED MANCUSO, Respondent. [649 NYS2d 458] —Appeal by the People from an order of the Supreme Court, Kings County (Feldman, J.), dated April 30, 1996, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Corso, J.), rendered May 11, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, the motion is denied, and the judgment is reinstated.

The Supreme Court, Kings County, held, essentially, that certain documents, which the defendant had acquired through his Freedom of Information Law requests, should have been turned over at the defendant's trial as *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) and/or *Brady* material *(see, Brady v Maryland,* 373 US 83). The court also determined that the defendant was prejudiced by the People's failure to turn these documents over because the information in these documents tended to refute the testimony of a principal witness, Carl Vaccarino, and the People's position at trial regarding the deal made between the prosecution and Vaccarino in exchange for Vaccarino's testimony. We disagree.

The documents indicate no more than that Vaccarino hoped

to gain some help with a reduction in his sentence for an unrelated crime for which he was serving time in New Jersey. However, contrary to the characterization by the Supreme Court in its memorandum decision of Vaccarino's professed motivation in cooperating as "largely altruistic", Vaccarino clearly testified that he had hoped for such help with his sentence. Furthermore, the contacts made by telephone and letter by the District Attorney's office to the New Jersey authorities on Vaccarino's behalf after Vaccarino testified, and the New Jersey decision, also after Vaccarino testified, to advance Vaccarino's parole date as a result of his cooperation, demonstrate no more than that the People fulfilled the promise made to Vaccarino and fully disclosed by him at trial. Thus, assuming, arguendo, that these documents did constitute either *Rosario* or *Brady* material, there is no reasonable possibility that the People's failure to turn them over at trial affected the verdict. Therefore, vacatur of the defendant's judgment of conviction was unwarranted *(see generally, People v Jackson,* 78 NY2d 638; *People v Vilardi,* 76 NY2d 67). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.